IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT WILLIAMS,

                Plaintiff,

    v.                                          OPINION and ORDER

RANDALL S. BOUZEK, KYLE DEMERS,                  19-cv-607-jdp
and CORRECTIONAL OFFICER DREHMEL,

                Defendants.

---

Plaintiff Roosevelt Williams, appearing pro se, is a prisoner at Waupun Correctional Institution. Williams alleges that defendant correctional officers blocked his prescribed ice treatment for gout several times from June to December 2018. He is proceeding on claims under the Eighth Amendment to the United States Constitution and Wisconsin negligence law concerning defendants' actions in blocking him from getting or using ice.

Defendants have filed a motion to dismiss Williams's state-law claims for his failure to comply with Wisconsin's "notice of claim" statute, and for partial summary judgment contending that Williams failed to exhaust the administrative remedies for some of his claims. Dkt. 20. I will grant the motion to dismiss in full and I'll grant the exhaustion-based summary judgment motion in part. Williams has filed a motion for preliminary injunctive relief concerning retaliation against him for filing this lawsuit. I will deny that motion.

**A. Motion to dismiss**

Williams alleges that defendant prison officials blocked him from getting or using ice six times between June and December 2018:

- On June 19, 2018, defendant Robert Drehmel wouldn't let Williams leave his cell to get medical ice after Williams finished his shift in food services.

- On June 20, 2018, Drehmel confiscated the foot bowl that I take Williams to be saying he placed his ice in to soothe his feet.

- On October 11, 2018, Drehmel stopped Williams from going to get medical ice after Williams finished his shift in food services.

- On October 18, 2018, defendant Randall Bouzek ordered Williams to go to his cell without Williams first getting medical ice.

- On December 21, 2018, defendant Kyle Demers told Williams to get back to his cell instead of Williams getting his medical ice. Demers told him that it was the job of inmate "tenders" to get inmates ice.

- On December 27, 2018, Demers told Williams to get back to his cell instead of Williams getting his medical ice. Demers told him that the inmate tenders would get his ice.

Williams brings both Eighth Amendment and state-law negligence claims for each of these incidents. Defendants move to dismiss Williams's negligence claims, contending that Williams failed to comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. That statute provides that a claimant bringing a civil action against a state employee must serve written notice of the claim on Wisconsin's attorney general within 120 days of the event giving rise to the action. Wis. Stat. § 893.82(3). The notice must include the names of each state employee involved. *Id.* The statute requires strict compliance. *Riccitelli v. Broekhuizen*, 595 N.W.2d 392, 399, 227 Wis. 2d 100 (1999).

Defendants submit two notices of claim filed by Williams, both about the December 21, 2018 incident. Dkt. 24-1 and Dkt. 24-2. Those notices were submitted in July and August 2019, more than 120 days past the incident. And the first notice was sent by first-class mail, not certified mail, which was the only approved method at the time of the events of this case. In his response, Williams appears to abandon his negligence claims, stating that "the subject

2

of this lawsuit is 'deliberate indifference,' not a state law negligence claim." Dkt. 26, at 2. He also concedes that his two notices of claim were filed more than 120 days past the December 21, 2018. So it is clear that he failed to comply with § 893.82(3). Therefore, I will grant defendants' motion to dismiss Williams's negligence claims.

## B. Motion for partial summary judgment on exhaustion grounds

Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).[1]

Defendants contend that Williams didn't exhaust his administrative remedies for each of these incidents. They provide Williams's inmate grievance history and records of three

---

[1] Defendants seek summary judgment on some of Williams's negligence claims, noting that there is a similar exhaustion requirement in Wisconsin for state-law claims. *See* Wis. Stat. § 801.02(7)(b). But because I have already dismissed Williams's state-law claims, I need not address the state exhaustion law.

specific grievances in which he challenged the June 20, October 18, and December 21 incidents. *See* attachments to Dkt. 23. They ask for dismissal of the claims corresponding to the June 19, October 18, and December 27 incidents.

Williams's grievance documents were submitted with the declaration of Emily Davidson, a corrections complaint examiner for the DOC's central office who searched the department's grievance records for the relevant grievances filed by Williams. *See* Dkt. 23. Williams's only argument in opposition to the exhaustion motion is that the grievance materials are not admissible because Davidson's declaration is not based on her personal knowledge and it lacks foundation.

Williams is incorrect about the admissibility of this evidence. It's true that Davidson has no personal knowledge of the actual events underlying the grievances, and she was the corrections complaint examiner for only one of the three grievances at issue. *See* Dkt. 23-3, at 6. But she does have personal knowledge of the DOC's grievance recordkeeping system, so she is qualified to present those business records to the court. *See, e.g., Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006) ("The custodian of the records need not be in control of or have individual knowledge of the particular corporate records, but need only be familiar with the company's recordkeeping practices." (internal quotation omitted)). Moreover, Williams does not suggest that the records are fabricated or doctored. So I will consider the records.

Defendants concede that Williams exhausted grievances for three of the incidents. Whether this means that Williams failed to exhaust his remedies for the other three incidents depends on how related they are to the fully grieved incidents. Under *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013), an inmate "need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing." *Id.* at 650.

All six of the incidents are about defendants interfering with Williams's medical ice, but the denials were spread out over a series of months, committed by three different defendants, and they involved different factual circumstances. So Williams's grievances do not exhaust all of the incidents in this case. The June 19 and October 11 incidents were about Williams trying to get his ice after his shift working for food services, and he did not file a grievance about correctional officers blocking him from leaving his cell at that time of the day. So I will grant defendants' motion for summary judgment on Williams's Eighth Amendment claims about those two incidents. That dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). I note that although the dismissal is without prejudice, Williams likely will not be able to exhaust those claims because any future grievance would be untimely.

But the December 27 incident is essentially the same as the exhausted December 21 incident: on both days, defendant Demers blocked Williams from getting ice, instead saying that inmate tenders would get it for him. Williams challenged Demers's rationale about inmate tenders in the grievance of the December 21 incident, and under *Turley* he was not required to file a new grievance every time Demers invoked the same rationale to keep Williams from leaving his cell. So I will deny defendants' motion regarding the December 27 incident.

As a result of me granting the motion to dismiss and part of defendants' exhaustion motion, the only claims remining in this case are the following Eighth Amendment claims:

- On June 20, 2018, Drehmel confiscated Williams's foot bowl.

- On October 18, 2018, Bouzek ordered Williams to go to his cell without Williams first getting medical ice.

- On December 21, 2018, Demers told Williams to get back to his cell instead of Williams getting his medical ice.

- On December 27, 2018, Demers told Williams to get back to his cell instead of Williams getting his medical ice.

## C. Motion for preliminary injunctive relief

Williams has filed a motion for a temporary restraining order and preliminary injunctive relief in which he states that defendant Demers is retaliating against him for filing this lawsuit by harassing him and limiting his access to a TENS unit and medication to treat his medical problems. Dkt. 29. He says that he seeks an injunction "to ensure safety . . . proper medical care, and expungement of his disciplinary convictions." Dkt. 30. But Demers's current misconduct is not related to the claims in the complaint, so I can't issue an injunction about it in this case. And I've already denied a previous attempt by Williams to add claims regarding retaliation by prison officials against him for filing this lawsuit. Dkt. 12. So I will deny his motion.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss plaintiff Roosevelt Williams's state-law negligence claims, Dkt. 20, is GRANTED.

2. Defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 20, is GRANTED in part.

3. Plaintiff's motion for preliminary injunctive relief, Dkt. 29, is DENIED.

Entered September 4, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6