IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT WILLIAMS,

                Plaintiff,

v.                                                 OPINION and ORDER

RANDALL S. BOUZEK, KYLE DEMERS,                19-cv-607-jdp
and CORRECTIONAL OFFICER DREHMEL,

                Defendants.

---

    Plaintiff Roosevelt Williams, appearing pro se, is a prisoner at Waupun Correctional Institution. Williams alleges that defendant correctional officers blocked his prescribed ice treatment for gout several times from June to December 2018. He brings claims under the Eighth Amendment to the United States Constitution. Both defendants and Williams have filed motions for summary judgment. I will grant defendants' motion and deny Williams's motion because Williams fails to show that any of the defendants harmed him or acted with conscious disregard toward his gout treatment.

PRELIMINARY MATTERS

    I begin with two preliminary motions.

    Williams has filed a motion to compel discovery of defendants' personnel files and inmate grievances against them. Dkt. 50. Defendants say that Williams did not attempt to confer with them before filing his motion, which would usually be reason to deny it. Regardless whether Williams conferred with defendants, there is no reason to think that the extremely broad requests he made are relevant to his claims or proportionate to the needs of this case, which is about several denials of medical ice. The parties already have the relevant grievance

records directly about the incidents at issue here. In his reply, Williams states that information about defendants being disciplined for false statements would be useful to impeach defendants' credibility. But he doesn't need that type of evidence for summary judgment—I will resolve all factual disputes in the non-moving party's favor without resorting to credibility determinations. And because I will be granting summary judgment to defendants and dismissing the case, Williams won't need this information for trial. I will deny his motion to compel.

Williams has also filed a motion asking the court to issue subpoenas (1) for two DOC employees whom he says would corroborate his version of one of the denials of medical ice; and (2) for the prison's video footage of each event. Dkt. 67. Williams says that this evidence would support his proposed facts in support of his summary judgment motion, but if he means to subpoena this evidence to support his summary judgment materials, he filed his motion far too late for evidence produced from his proposed subpoenas to be included in the summary judgment briefing. And I need not consider the requests as they pertain to a trial because I am granting summary judgment to defendants. So I will deny his motion.

## UNDISPUTED FACTS

The following facts are undisputed except where noted.

Plaintiff Roosevelt Williams is a prisoner at Waupun Correctional Institution (WCI). During the events of this case, defendants all worked at WCI: Robert Drehmel and Randall Bouzek were correctional sergeants and Kyle Demers was a correctional officer.

Williams has been diagnosed with gout, a condition causing painful inflammation of his joints. Doctors prescribed him allopurinol to decrease his uric acid level, chlorthalidone to

treat the high blood pressure that often accompanies gout, Tylenol and ibuprofen to treat inflammation and pain, a medical assignment to a lower bunk so that he would not have to climb to a top bunk, and "medical ice" to help with pain, inflammation, and fluid buildup.

In March 2018, Williams received a one-year restriction for medical ice with Latin abbreviations "TID prn," meaning three times a day, as needed.[1] Dkt. 45-1, at 3. Williams attempts to dispute this, saying that he was prescribed ice to be used four times a day, but he does not dispute the prescriber's note's accuracy and he admits that he does not know what the Latin abbreviations on the record mean.

Inmates could obtain ice during four "medication pass" times each day—a.m., noon, p.m., and bedtime. The parties dispute whether Williams was allowed to retrieve the ice himself. Defendants say that the prison handbook prohibited inmates in Williams's unit from personally going to retrieve ice, although defendant Bouzek would still let inmates do so. But defendants do not submit the handbook. Williams says that prisoners were allowed to get ice themselves, and he provides an institution complaint examiner's decision on one of his grievances stating that inmates could get the ice themselves. *See* 53-5, at 1 ("Inmates are allowed . . . to get their medical ice when cell doors are opened and inmates come out for medication"). So I will assume for purposes of summary judgment that inmates were ordinarily allowed to get ice themselves during medication pass. It is undisputed that there was a second way for inmates to get medical ice: they could ask inmate "tier tenders" to retrieve ice for them. Under either method, ice would have to be filled using special bags marked for medical-ice use. Prison staff used those bags to avoid inmates taking too much ice.

---

[1] *See* https://medlineplus.gov/appendixb.html (listing common medical abbreviations).

3

On June 20, 2018, defendant Drehmel conducted a search of Williams's cell and confiscated a foot basin, an item Williams did not have a medical restriction for. Williams was granted a restriction for a foot basin the day after Drehmel confiscated it.

On October 18, 2018, defendant Bouzek refused to permit Williams to retrieve medical ice for himself during the morning medication pass. Bouzek says that this was because Williams was holding a bag unapproved for medical ice, larger than the approved bags. Williams denies this; he says that he was holding one of the special medical-ice bags.

On December 21, 2018, during the morning medication pass, defendant Demers saw Williams at the ice machine attempting to retrieve medical ice. Demers ordered him back to his cell, telling him that it was the tier tender's job to get inmates ice. On this date, Williams was wearing a surgical boot that I take him to be saying that he wears during gout flare-ups. On December 27, 2018, during the morning medication pass, Demers again saw Williams trying to get his medical ice; Demers ordered him back to his cell without the ice.

I will discuss additional facts as they become relevant to the analysis.

ANALYSIS

Williams contends that defendants violated the Eighth Amendment by restricting his access to medical ice on four occasions between June and December 2018:

- On June 20, 2018, Drehmel confiscated Williams's foot basin.

- On October 18, 2018, Bouzek ordered Williams to go to his cell without Williams first getting medical ice.

- On December 21, 2018, Demers told Williams to get back to his cell instead of Williams getting his medical ice.

4

- On December 27, 2018, Demers told Williams to get back to his cell instead of Williams getting his medical ice.

The Eighth Amendment prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Williams alleges that defendants stopped him from obtaining his doctor-prescribed ice. Interfering with a doctor's prescription is one way that a non-medical official can violate the Eighth Amendment in the medical care context. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009).

As I stated in Williams's other recent cases about medical ice for gout, *Williams v. Anderson*, No. 17-cv-304-jdp, 2019 WL 6530048, at *4 (W.D. Wis. Dec. 4, 2019), and *Williams v. Carl*, No. 16-cv-584-jdp, 2020 WL 1505636, at *4 (W.D. Wis. Mar. 30, 2020),

gout itself almost certainly is a serious medical need, but the relevant question is whether Williams's symptoms at the time of the deprivations were serious enough that the deprivation of treatment could violate the Eighth Amendment. And Williams can't prevail on his claims unless he shows that defendants' actions caused him harm. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Williams's first claim is against defendant Drehmel for confiscating his foot basin on June 20, 2018. The parties do not dispute that Drehmel confiscated the basin. In screening Williams's claims, I took Williams to be alleging that he used to the basin with his medical ice. Williams now says that in February 2018 his doctor at his previous institution gave him a foot basin for Epsom salt treatment. But no matter what type of gout treatment Williams used the basin for, he fails to show that Drehmel disregarded his medical problem by taking it.

Drehmel says that he confiscated the basin because Williams did not have a medical restriction for it. Williams does not adequately dispute this. He states that he doesn't know whether the doctor noted the basin in his medical records, and he doesn't provide medical records showing that the basin was prescribed to him. Rather, the prescriber records provided by defendants do not include a prescription for a foot basin until the day *after* Drehmel confiscated Williams's basin. A basin was then prescribed to him for one year. Dkt. 45-1, at 2.

The fact that officials prescribed a basin to Williams so quickly after Drehmel confiscated it suggests that staff realized that Williams's doctor or another official made a mistake by failing to record the original prescription. But that doesn't support an Eighth Amendment claim that *Drehmel* consciously disregarded Williams's medical needs by interfering with a prescription: there wasn't a prescription or restriction listed in the records at the time Drehmel confiscated the basin. Without Williams being assigned a restriction for the

6

basin, Drehmel was free to enforce property or medical-restriction regulations aimed at maintaining security and order at the prison. *Williams*, 2019 WL 6530048, at *4 (prison staff did not violate Eighth Amendment by canceling Williams's ice based on belief that he was abusing medical-ice procedures). And there's no indication that Drehmel's stated reason for confiscating the basin was a pretext for any improper motive. So I will grant defendants' summary judgment motion and deny Williams's summary judgment motion on this claim.

Williams's remaining three claims are about three instances in which defendants would not let him get medical ice himself: Bouzek stopped him during the morning medication pass on October 18, 2018, and Demers stopped him during the morning medication passes on December 21 and December 27, 2018. Williams says only conclusorily that this caused him pain and inflammation. But he doesn't provide any medical evidence supporting his assertion about inflammation, and he doesn't plausibly explain how missing a handful of icing sessions could harm him in that way. Williams doesn't explain how much pain he suffered or for how long, whether he used his prescribed pain medications, and he doesn't say that defendants restricted him from using inmate "tier tenders" to get ice for him or that he was ultimately kept from obtaining medical ice the maximum three times a day allowed under his restriction.

His assertions that he was blocked from getting ice himself three times over about a two-month period is not nearly enough to show that any of the defendants harmed him, or that they knew that they were harming him, which is necessary to prove an Eighth Amendment conscious-disregard claim. Williams argues that defendants' ill intent can be shown from the fact that they have been sued multiple times by prisoners. But under Rule 404 of the Federal Rules of Evidence, other alleged bad acts by defendants would be inadmissible to show that

7

they have a propensity to behave in a certain way. So I won't consider other lawsuits against them.

Courts often observe that summary judgment requires the party with the burden of proof to "put up or shut up," pointing to evidence from which a reasonable jury could find in its favor of each element of its claim. *See, e.g., Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). Because Williams fails in his burden to show that he was harmed by defendants' alleged actions or that they consciously disregarded his problem, I will grant summary judgment to defendants on these claims and I will deny Williams's cross-motion for summary judgment on these claims. Because I am granting summary judgment to defendants on all of Williams's claims, the entire case will be dismissed.[2]

---

[2] Defendants also contend that they are entitled to qualified immunity on Williams's claims. Because I am dismissing Williams's claims on the merits, I need not consider defendants' qualified immunity argument.

ORDER

IT IS ORDERED that:

1. Plaintiff Roosevelt Williams's motion to compel discovery, Dkt. 50, is DENIED.

2. Plaintiff's motion for issuance of subpoenas, Dkt. 67, is DENIED.

3. Plaintiff's motion for summary judgment, Dkt. 58, is DENIED.

4. Defendants' motion for summary judgment, Dkt. 39, is GRANTED.

5. The clerk of court is directed to enter judgment accordingly and close this case.

Entered May 3, 2021.

BY THE COURT:
/s/

_____

JAMES D. PETERSON
District Judge